# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAWN AND ROBERT JACKSON,**
      Plaintiffs,

    v.                                  Case No. 06C0586

**WAUKESHA COUNTY HUMAN SERVICES,**
**WAUKESHA COUNTY JUVENILE CENTER,**
**LINDA VANDEWATER, ELIZABETH RUSSO,**
**LISA ALDEN, JESSE MERALIZE, ANN BYERS,**
**JAMIE KASTEN,**
      Defendants.

---

## DECISION AND ORDER

Plaintiffs Dawn and Robert Jackson, proceeding pro se, have filed an action against various defendants, including Waukesha County Human Services Department, the Waukesha County Juvenile Center, and several individuals involved in state proceedings regarding the custody and placement of plaintiffs' children. Plaintiffs assert that defendants' actions violated their rights under the Equal Protection and Due Process Clauses, Title VII, as well as various state law theories. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiffs, however, have requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-

prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, although plaintiff is in the custody of the state, the heightened requirements of the Prison Litigation Reform Act do not apply because he is a civil committee. See West v. Macht, 986 F.Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiffs have filed the required affidavit of indigence. A review of plaintiffs affidavit of indigence reveals that their monthly income is barely sufficient to cover their living expenses. Further, Mrs. Jackson contends that she recently has lost her job. As such, I am satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiffs are advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified at 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals

Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiffs, however, should provide defendant or his counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 14 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge
/s_____
LYNN ADELMAN
District Judge