# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAWN AND ROBERT JACKSON,**
   **Plaintiffs,**

  v.              Case No. 06C0586

**WAUKESHA COUNTY HUMAN SERVICES,**
**WAUKESHA COUNTY JUVENILE CENTER,**
**LINDA VANDEWATER, ELIZABETH RUSSO,**
**LISA ALDEN, JESSE MERALIZE, ANN BYERS,**
**JAMIE KASTEN,**
   **Defendants.**

---

## DECISION AND ORDER

  Pro se plaintiffs Dawn and Robert Jackson bring this § 1983 action against a variety of defendants claiming various misdeeds which resulted in their losing parental rights to three of their children. Plaintiffs allege that defendants Ann Beyers and Jamie Kasten lied in court. Beyers and Kasten now move to dismiss. I will grant their motion.

  Defendants argue that I lack subject matter jurisdiction under Rooker-Feldman. However plaintiffs do not seek to appeal the family court ruling or ask for a new trial, instead they contend that defendants intentionally testified fraudulently and seek damages. Thus, I have subject matter jurisdiction over their claims. McCormick v. Braverman, 451 F.3d 382, 389 (6th Cir 2006) (concluding that plaintiff's claims that certain defendants acted illegally in an underlying state court proceeding not barred by Rooker-Feldman). However, plaintiffs' claims against Beyers and Kasten fail under Fed. R. Civ. P. 12(b)(6) because they fail to state a claim. Taking plaintiffs' allegations in the light most favorable to them, they attempt to state a claim under 42 U.S.C. § 1983 but fail to do so. To state

a § 1983 claim, plaintiffs must allege among other things that defendants deprived them of a federal constitutional or statutory right while acting under color of state law. Jones v. Wilhelm, 425 F.3d 455, 465 (7th Cir. 2005). Plaintiffs' allegation that Beyers and Kasten lied is insufficient to allege the deprivation of a federal right. See Briscoe v. LaHue, 460 U.S. 325, 329 (1983). Plaintiffs also fail to allege that Beyers and Kasten acted under color of state law. See Air Line Pilots Ass'n Int'l v. Dep't of Aviation, 45 F.3d 1144, 1149 (7th Cir. 1995). Finally, plaintiffs' claim fails because as witnesses, Beyers and Kasten are immune from liability for damages resulting from their testimony. Burns v. Reed, 500 U.S. 478, 489 (1991); see also Millspaugh v. County Dep't of Public Welfare, 937 F.2d 1172, 1175 (7th Cir. 1991).

Additionally before me is plaintiff's request for appointment of counsel. There is no constitutional or statutory right that indigent civil litigants be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). Under certain circumstances, however, this court may request counsel to represent these civil litigants in under 28 U.S.C. §1915(e). Jackson, 953 F.2d at 1071. Before this court will evaluate plaintiffs' request for counsel, however, §1915(e) "requires a threshold inquiry into the indigent's efforts to secure counsel." Jackson, 953 F.2d at 1073. Therefore, in order to evaluate plaintiffs' request, the Jackson's must have made a reasonable effort to obtain counsel on their own. Id.

Plaintiffs' allege that they have attempted to obtain counsel, however they have not explained or documented their attempts to do so. Because they have shown no evidence of any attempt to retain counsel on their own, it is not necessary to evaluate the appropriateness of their request at this time.

Therefore,

**IT IS ORDERED** that defendants Beyers and Kasten's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's request for counsel is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31 day of July, 2007

/s_____
LYNN ADELMAN
District Judge