# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAWN AND ROBERT JACKSON,**
   **Plaintiffs,**

  v.                Case No. 06C0586

**WAUKESHA COUNTY HUMAN SERVICES,**
**WAUKESHA COUNTY JUVENILE CENTER,**
**LINDA VANDEWATER, ELIZABETH RUSSO,**
**LISA ALDEN, JESSE MERALIZE, ANNE BYERS,**
**JAMIE KASTEN,**[1]
   **Defendants.**

---

## DECISION AND ORDER

Pro se plaintiffs Dawn and Robert Jackson bring this § 1983 action against several defendants claiming various misdeeds which resulted in their losing parental rights to three of their children. I previously granted motions to dismiss two defendants in this action, Jamie Kasten and Anne Beyers. Now pending before me is defendant Linda Van De Water's motion to dismiss the claims against her. Also pending is a motion for summary judgment filed by the majority of the defendants remaining in this action.

### I. VAN DE WATER'S MOTION TO DISMISS

Plaintiffs allege that defendant Linda Van De Water, a state circuit court judge for the state of Wisconsin, improperly conducted the proceedings resulting in the termination of parental rights. Specifically, plaintiffs' complaint states that Judge Van De Water always

---

[1]The caption lists the defendants' names as spelled in plaintiffs' complaint. I have changed the spelling of the names throughout this opinion to reflect the defendants' names as spelled in the briefs filed by defendants.

took the side of Waukesha County Human Services and its employees, that she never listened to plaintiffs' concerns, and that she came to the decision to terminate plaintiffs' parental rights based solely upon hearsay evidence.

To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In other words, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. Taking the facts and allegations contained in plaintiffs' complaint in the light most favorable to them, as I must when considering a defendant's motion to dismiss, I find that plaintiffs' complaint against Van De Water fails to state a claim under 42 U.S.C. § 1983.

Assuming Van De Water's conduct were otherwise actionable under § 1983, plaintiffs' claims against her are barred by the doctrine of judicial immunity. The common law principle of judicial immunity grants absolute immunity to judges, including state court judges, acting in their judicial capacity from suit for damages. See Brokaw v. Mercer County, 235 F.3d 1000,1015-16 (7th Cir. 2000). Congress extended this immunity to include protection from suit for injunctive relief. 42 U.S.C. § 1983; Smith v. City of Hammond, Indiana, 388 F.3d 304, 307-08 (7th Cir. 2004). The only exceptions to this "absolute immunity" are where the judge is acting in the clear absence of jurisdiction, Stump v. Sparkman, 435 U.S. 349, 359-57 (1978); is acting in a non-judicial capacity, Lowe v. Letsinger, 772 F.2d 308, 312 (7th Cir. 1985); or where there is a violation of a

2

declaratory act or there is no declaratory relief available, 42 U.S.C. § 1983. Plaintiffs have asserted no facts plausibly supporting the application of any of these exceptions, and therefore plaintiffs' claims against Van De Water must be dismissed on the grounds of judicial immunity.

To the extent plaintiffs are looking for an appellate review of the state court proceedings, the Rooker-Feldman doctrine precludes me from exercising review of a state court decision. See, e.g., District Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Rather, the parties must proceed through the state appellate court system, with federal court review available in the United States Supreme Court. Id.

## II. CLAIMS AGAINST THE REMAINING DEFENDANTS

Claims remain against several defendants–Sonya Shropshire, Waukesha County Human Services, Waukesha County Juvenile Center, Elizabeth Russo, Lisa Alden, and Jesus Mireles. Plaintiffs have not had any contact with this court since March 19, 2007. When plaintiffs did not respond to a motion for summary judgment filed by defendants, I sent a letter to them notifying them that should they not file a response by August 13, 2007, I could dismiss their claims against the defendants for lack of diligence, pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41.3 (E.D. Wis.). Plaintiffs did not respond to the letter or to the motion. It has now been over six months since plaintiffs' last communication.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. It is well settled that "the ultimate sanction of dismissal should be involved only in extreme situations, where there is a clear

3

record of delay or contumacious conduct." Rice v. City of Chicago, 333 F.3d 780, 785-86 (7th Cir.2003) (internal citations omitted); see also Bolt v. Loy, 227 F.3d 854, 856 (7th Cir.2000) (a plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution). No case should be dismissed for failure to prosecute without a warning to the plaintiff, either explicitly or by making clear that no further extensions of time will be granted. Bolt, 227 F.3d at 856 (citing Williams v. Chic. Bd. of Educ., 155 F.3d 853 (7th Cir.1998)). However, there is no requirement for district courts to impose graduated sanctions. Rice, 333 F.3d at 785 (citing Ball v. City of Chicago, 2 F.3d 752, 756 (7th Cir.1993)).

Civil Local Rule 41.3 (E.D. Wis.), which governs dismissal for "lack of diligence," provides, "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days."

Based on a review of the record and upon consideration of the applicable law, I conclude that the remainder of this action should be dismissed for failure to prosecute. Plaintiffs can petition for reinstatement of this part of the action within 20 days.

### III. CONCLUSION

Therefore,

**IT IS ORDERED** that defendant Van de Water's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' claims against the remaining defendants Waukesha County Human Services, Waukesha County Juvenile Center, Elizabeth Russo,

Lisa Alden, Jesus Mireles, and Sonya Shropshire are **DISMISSED**, without prejudice, pursuant to Civil Local Rule 41.3 (E.D. Wis.).

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment dismissing this action.

Dated at Milwaukee, Wisconsin, this 21 day of September, 2007.

/s_____
LYNN ADELMAN
District Judge

5